UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X

DONNA M. ALVIN, individually, and as
Administratrix of the Estate of LEVI
ALVIN, Deceased,   **ORDER**

       Plaintiff,   Civil Action No. 06-5054

   -against-

UNITED STATES OF AMERICA,

       Defendant.
---------------------------------------------------X

**Appearances:**

**For the Plaintiff:**
**Bauman, Kunkis & Ocasio-Douglas, PC**
225 West 34th Street, Suite 2208
New York, NY 10122
By:    Maria Del Pilar Ocasio-Douglas, Esq.
       Jason M. Bernstein, Esq.

**For the Defendant:**
**Benton J. Campbell**
**United States Attorney for the Eastern District of New York**
610 Federal Plaza
Central Islip, NY 11722
By:    Denise McGinn, AUSA
  .

**HURLEY, Senior District Judge:**

       This action was commenced to recover for personal injuries allegedly sustained by the decedent, Levi B. Alvin ("Decedent"), when he fell from his wheelchair outside the Veterans Administration Hospital in Northport, New York (the "Hospital"). Presently before the Court is Plaintiff's motion, dated September 20, 2007, to vacate the judgment entered on September 12, 2007. For the reasons set forth below, the motion is granted.

**Background**

This action was commenced on September 19, 2006 alleging that the Defendant United States of America ("Defendant") failed to properly maintain the sidewalk adjacent to the Hospital resulting to injury to the Decedent. On January 22, 2007 this matter was referred to arbitration pursuant to Local Civil Rule 83.10. The arbitration was thereafter held on August 7, 2007.

On August 13, 2007, an entry was made on the docket of this case as follows: "ARBITRATION AWARD Request for Trial De Novo due by 9/6/2007.- copies mailed." Pursuant to the Electronic Case Filing ("ECF") system used in this District, notification of this entry was sent to all counsel who appeared in this matter via e-mail. Consistent with Local Rule 83.10(g)(2)'s requirement that "the content of any arbitration award shall not be made known to any judge who might be assigned the case" except as otherwise specified in the Rule, the docket notation did not disclose what the award was or in whose favor the award was rendered.

According to the moving papers, the following ensued: Plaintiff's counsel contacted the Clerk's office "immediately" after receiving the aforementioned e-mail and was advised – erroneously as it turns out – that they would receive a copy in the mail and should wait for the decision to be uploaded to the ECF system. Plaintiff's counsel also called the arbitrator's office which advised counsel that a copy of the decision would be received from the court. No copy of the arbitrator's decision was received by Plaintiff's counsel. Rather, on September 12, 2007, no request for a trial de novo having been received (*see* Local Rule 83.10(h)), the Clerk of Court entered judgment for Defendant. That same day, September 12, Plaintiff's counsel filed a letter with the Court stating that they had received electronic notification of the judgment. The letter went on to state that counsel had called the Clerk's office inquiring why they were never notified

of the arbitrator's decision and advising the clerk that no request for a trial de novo had been filed because the arbitrator's award was never received and therefore it was unknown in whose favor the arbitrator had found. Concluding, the letter requested that the judgment be vacated and Plaintiff be permitted to file a request for a trial de novo. A paralegal in Plaintiff's counsel's office spoke with a paralegal in defense counsel's office on September 14, 2007 who advised that they had not received the arbitrator's decision in the mail but had gone to the court file to make a copy. The paralegal in defense counsel's office then faxed a copy of the decision to Plaintiff's counsel.

The instant motion was filed on September 20, 2008.

**Discussion**

Rule 60(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> Grounds for Relief from a Final Judgment, Order or Proceeding.
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Fed. R. Civ. P. 60(b). Motion under Rule 60(b) are addressed to the sound discretion of the district court. *See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004). Here, the sound exercise of the Court's discretion warrants granting Plaintiff's motion.

"Excusable neglect [under Rule 60(b)(1)] encompasses inadvertence, carelessness and mistake, and may be found where a party's failure to comply with filing deadlines is attributable to negligence." *Fetik v. New York Law School*, 1999 WL 459805 at *4 (S.D.N.Y. June 29, 1999). "The determination is at bottom an equitable one, taking account of all relevant

circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Investment Servs.Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). "Those circumstances include prejudice to the adversary, the length of the delay, the reason for the error, the potential impact on the judicial proceedings, whether it was within the 'reasonable control of the movant' and whether the movant acted in good faith." *Id.* Where relief is sought from an order that is the result of "[c]ounsel's failure to read and obey an unambiguous court rule," counsel's omission is not excusable neglect. *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir. 1997). Similarly, gross negligence and malfeasance on the part of counsel are not excusable neglect within the meaning of the rule. *Alvarado v. Manhattan Worker Career Center*, 2003 WL 22462032, at *3 (S.D.N.Y. Oct. 30, 2003).

It appears undisputed that, despite the docket notation that it had been mailed, the arbitrator's award was not received in the mail by either party. This oversight led to the inability of Plaintiff's counsel to determine whether or not a request for a trial de novo should be filed. If Plaintiff had been successful in the arbitration, a trial de novo would not be desirable from Plaintiff's perspective and the Local Rules provides that once a demand for a trial de novo is made, its withdrawal "shall not reinstate the arbitrators' award and the case shall proceed as if it had not been arbitrated." Thus, unaware of how the arbitrator ruled, despite attempts to determine that ruling, Plaintiff was faced with a Hobson's choice.

The entry of judgment at issue was not the result of gross negligence or counsel's failure to read and obey and unambiguous rule. At worst, the judgment is a result of counsel's negligence in not advising the Court, in writing and prior to the expiration of time to demand a trial de novo, that a copy of the arbitration award had not been received.

4

Also to be considered is Plaintiff's good faith and the dispatch with which Plaintiff acted. Upon receiving the e-mail notification of the arbitration award, the Clerk's office was immediately contacted to request a copy of the award. Unfortunately, counsel was erroneously advised that the award would be uploaded onto the ECF system. More importantly, the very day that the judgment was entered, counsel wrote to the Court explaining the relevant events and requesting vacatur of the judgment.

Finally, the Court notes that Defendant does not claim any prejudice.

Relief from the September 12, 2007 judgment is appropriate under Rule 60(b)(1).

## Conclusion

The motion to vacate the September 12, 2007 judgment is hereby granted. The Clerk of Court is directed to reopen this case. Plaintiff shall serve and file its demand for a trial de novo in accordance with Local Rule 83.10 within five (5) days after the case is reopened.

**SO ORDERED**.

Dated: Central Islip, New York
May 1, 2008

/s/
Denis R. Hurley
Senior District Judge